IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH FLORES,

      Plaintiff,

      v.                               No. CV 09-1153 BB/GBW

DONALD DORSEY, LAWRENCE
JARAMILLO, and MARY ORTEGA

      Defendants.

<u>PROPOSED FINDINGS AND RECOMMENDATION</u>

This matter is before the Court *sua sponte*.  On December 7, 2009, Mr. Flores filed a complaint in which he alleged that Defendant Mary Ortega, a prison officer, assaulted, threatened and harassed him while he was incarcerated by the New Mexico Corrections Department, and that Defendants Donald Dorsey and Lawrence Jaramillo, Deputy Director of Adult Prisons and Deputy Warden, knew of the abuse and failed to protect Plaintiff or prevent future assaults.  *Doc. 1.*  Due to Plaintiff's failure to prosecute his case, I recommend this matter be dismissed with prejudice.

On April 28, 2010, I ordered Defendants to file a *Martinez* Report by June 28, 2010, and ordered Plaintiff to respond to the Report no later than July 28, 2010.  *Doc. 14.*  By the same Order, the parties were informed that "the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or <u>*sua sponte*</u> . . .."  *Id.*

1

On June 28, 2010, Defendants filed their *Martinez* Report with the Court and mailed a copy to Plaintiff. *Doc. 15.* On July 12, 2010, Plaintiff filed a letter with the Court stating he had not yet received a copy of the report and expressing concern about his ability to meet the impending response deadline. *Doc. 16.* The envelope used to carry Plaintiff's letter bore a return address for Plaintiff that differed from the one on file with the Court. *See id.* On July 16, 2010, the Court construed Plaintiff's letter as a motion for an extension of time to respond, granted it, and ordered the clerk's office to mail a copy of the *Martinez* Report to the return address on Plaintiff's envelope. *Doc. 17.* The Order granting the extension was mailed to Plaintiff at both addresses and directed Plaintiff to respond no later than August 16, 2010. *Id.* On July 23, 2010, the Court received confirmation that the *Martinez* Report sent to Plaintiff from the Court had been received. *Doc. 18.*

Nevertheless, Plaintiff did not respond to the Report, and on August 27, 2010, this Court issued an Order to Show Cause why Plaintiff's Complaint should not be dismissed for failure to prosecute. *Doc. 19.* Plaintiff was ordered to show cause by September 17, 2010, and a copy of the order was mailed to Plaintiff at both of the addresses used for the Order Granting Extension. *Docs. 19, 17.* On September 23, 2010, Plaintiff filed a letter and appendix requesting an additional thirty days to respond to the *Martinez* Report. *Docs. 21, 22.* In this letter, Plaintiff claimed that prison mail room officials at his current facility (run by the Rhode Island Department of Corrections) "purposely destroyed" his response to Defendants' *Martinez* Report. *Doc. 21.* Plaintiff attached a "Letterhead Memorandum from

a Captain Aceto verifying the loss of [his] response." *Id*.  The Court construed this letter as a second motion for extension of time and held a hearing on the motion on November 8, 2010.  *Doc. 28*.  After the hearing, the Court found that the "Letterhead Memorandum" had not been authored by Captain Aceto and that Plaintiff had falsely misrepresented that fact to the Court.  *Doc. 31*.  The Court then denied the second motion for extension of time.

As of this date, Plaintiff has not filed a response to the *Martinez* Report.

As explained in the Order to Show Cause, under our Local Rules "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."   D.N.M.LR-Civ 7.1(b).  Moreover, Plaintiff's failure to abide by the deadline ordered by the Court indicates a lack of interest in litigating his claims, and the Court has authority to dismiss his claims for failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *U.S. ex rel. Jimenez v. Health Net, Inc.*,  400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *see also Childs v. Ortiz*, 259 F. App'x 139, 141 (10th Cir. 2007).  The Court also derives authority to dismiss a case *sua sponte* for lack of prosecution from Federal Rule of Civil Procedure 41(b).  *Nasious v. Two Unknown*

*B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007)(citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir.2003))("'Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions *sua sponte* for a plaintiff's failure to ... comply with the rules of civil procedure or court's orders'").

It would be inappropriate for the Court to grant summary judgment for Defendants by operation of Local Rule 7.1 because of Plaintiff's failure to timely respond.  *Reed v. Bennett*, 312 F.3d 1190, 1193-95 (10th Cir. 2002); *Sizemore v. State of New Mexico Dept. Of Labor*, 182 F. App'x 848, 853 (10th Cir. 2006).  However, the Court may dismiss the case as a sanction for failure to prosecute.  *See AdvantEdge Business Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).  If the Court dismisses without prejudice, no special analysis is required.  *Id.*; *Nasious,* 492 F.3d at 1162.  On the other hand, a dismissal *with* prejudice is a harsh remedy, and the court should ordinarily first consider certain factors, including:

> (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143- 44 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  Moreover, these factors should also be considered where the statute of limitations would mean that a dismissal without prejudice would have the practical effect of a dismissal with prejudice.  *Gocolay v.*

*New Mexico Federal Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992).

Based upon a review of the *Ehrenhaus* factors, I recommend that Plaintiff's Complaint be dismissed with prejudice.

<u>Degree of Prejudice to Defendants</u>  –  Plaintiff's allegations of abuse stretch back over the last five years.  Especially with such old allegations, further delay prejudices the Defendants' given that the memory and availability of witnesses diminishes with time.  *See Green v. Dorrell*, 969 F.2d 915, 918 (10th Cir. 1992)(delay caused by Plaintiff's failure to respond weighed in favor of dismissal where events alleged occurred at least two years before Plaintiff filed his complaint).  Consequently, this factor weighs in favor of dismissal.

<u>Amount of Interference with the Judicial Process</u> – Plaintiff has flouted the Court's Order to respond to Defendants' *Martinez* Report despite being granted an extension to do so.  Moreover, Plaintiff filed a fraudulent document in an attempt to justify his failure to file a response.  Even now, five months after the expiration of the first extension, Plaintiff has not filed a response.  Plaintiff's conduct is significantly interfering with the Court's ability to effectively resolve the lawsuit he filed.  This factor weighs in favor of dismissal.

<u>Litigant's Culpability</u>  –  Given that Plaintiff is proceeding *pro se,* this is not a case in which a negligent counsel imperils his client's access to the courts.  Plaintiff himself is responsible for his failure to respond to the *Martinez* Report.  Moreover, Plaintiff's filing of a motion with a material misrepresentation dramatically increases his culpability.  This factor weighs in favor of dismissal.

Whether Court Warned Party  –  Plaintiff was advised that the *Martinez* Report could lead to a *sua sponte* granting of summary judgment.  *Doc. 14.*  More directly, the Order to Show Cause advised Plaintiff that his failure to respond "indicate[d] a lack of interest in litigating his claims." *Doc. 19.*  Plaintiff was ordered to "show cause why his complaint should not be dismissed." *Id.*  Plaintiff was clearly warned that dismissal could be the result of his inaction, and, thus, this factor weighs in favor of dismissal.

Efficacy of Other Sanctions – Plaintiff is an indigent prisoner who has been granted the privilege of proceeding  *in forma pauperis*.  He would not be able to afford monetary sanctions, and it would be superfluous to jail an already incarcerated person for contempt.  No sanction, other than dismissal, would be effective.

I THEREFORE RECOMMEND that Plaintiff's case be dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

UNITED STATES MAGISTRATE JUDGE